*698 OPINION.
Sea well: The following sections of the Revenue Act of 1921 are applicable in the determination of the issues herein:
Seo. 204. (b) If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year; the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary.
Seo. 240. (a) That corporations which are affiliated within the meaning of this section may, for any taxable year beginning on or after January 1, 1922, make separate returns or, under regulations prescribed by the Commissioner I with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and- determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner.
The first issue is whether a single consolidated return for the entire calendar year 1922, including the operations of the Delaware corporation for the full year and those of the petitioner (the Texas corporation) from April 19 to December 31, 1922, was proper, or whether a separate return was required of the Delaware corporation for the period in that year prior to affiliation and a consolidated re *699 turn of the two corporations for the period of affiliation in that year. We see no necessity for an extended discussion of the question as, in our opinion, the issue here presented has been heretofore considered and decided by this Board and by the courts, and such decisions are controlling herein. It has been held that where a corporation had no existence or separate activity prior to becoming affiliated with another corporation — -as in the instant case with the petitioner — the necessity for filing separate returns disappears, a single consolidated return for the calendar year in which the corporations become affiliated being sufficient. Automatic Fire Alarm Co., 13 B. T. A. 1195; Hutt Contracting Co., 7 B. T. A. 818; Margay Oil Corporation, 26 B. T. A. 199; American Paper Exports, Inc. v. Bowers, 54 Fed. (2d) 508.
In view of the decisions cited, we are of the opinion that in the instant case a consolidated return by the aforesaid Delaware corporation for the calendar year 1922 covering its own operations for the entire year and the operations of the petitioner (Texas corporation) for the period April 19 to December 31, 1922, the period of affiliation, was proper and all that was necessary to comply with the law and the respondent was in error in determining otherwise. Since we have held that only one return is required for 1922 and that the operations of both corporations for 1922 would be included in such return (that is, those of the Delaware corporation for the entire calendar year 1922 and those of the Texas corporation from April 19,. 1922, to December 31, 1922), there remains no longer the question of the application of a net loss in one period or year in determining net income in a succeeding period or year, but, in view of the fact that the losses of the Delaware corporation exceed the net income of the Texas corporation, it becomes merely a question of combining the two amounts to determine whether there is a consolidated net income. While the losses stipulated are in terms of “ net losses,” apparently the losses in the ordinary sense would not be different from the net losses, or at least would exceed the net income of the Texas corporation. It accordingly necessarily follows that since the net income of the Texas corporation for the period April 19, 1922, to December 31, 1922, is less than the losses of the Delaware corporation for the entire calendar year 1922 there is no consolidated net income for 1922 and therefore no deficiency due from the petitioner.

Judgment of no deficiency will ~be entered.